FILED
08/28/2026
*Tricia Brooks*
CLERK
Lincoln County District Court
STATE OF MONTANA
By: Miranda Phoenix
DV-27-2026-0000188-BF
Cuffe, Matthew
4.00

**Hon. MATTHEW J. CUFFE**
District Judge
512 California Avenue
Libby, MT 59923

**MONTANA NINETEENTH JUDICIAL DISTRICT COURT**
**LINCOLN COUNTY**

| | |
|---|---|
| CURTIS B. HARRIS,<br><br>Plaintiff,<br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Cause No. DV-27-2026-188<br><br>**SCHEDULING ORDER RE: JURY TRIAL** |

Plaintiff filed a Complaint and Demand for Jury Trial on August 6, 2026. Defendant filed an Answer and Demand for Jury Trial on August 27, 2026.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **October 28, 2026**: Deadline for exchanging list of all witnesses and exhibits.

2. **April 14, 2027:** Deadline for completing discovery. "Completed" means that all depositions shall be taken by this date and all forms of written discovery shall have been served on the responding party sufficiently in advance to permit the responses to be filed by this date as **the Montana Rules of Civil Procedure allow.**

3. **May 19, 2027:** Deadline for filing all pretrial motions and opening briefs. Unless separately scheduled by the Court, oral argument on any pretrial motions which require oral argument shall be held at the pretrial conference. Hearing on a motion for summary judgment is deemed waived unless a written request for hearing is submitted within the time period for filing the briefs on the motion. The written request may be contained within a brief, in which case the title of the brief should so indicate (i.e., “Reply Brief and Request for Hearing”). Even if a hearing on the motion is waived by the parties, the Court may order a hearing if it determines that oral argument would be helpful.

**Motions in limine directed at evidence and testimony known to the party making the motion by this date must be filed at this time.**

Multiple motions:

Local Rule 40 sets standards for briefs, including their length. Rule 40(A)(4)(a)&b), (5), and (6) provide:

(4) Calculations and length.

(a) Proportionately-spaced briefs. A principal brief shall not exceed 5,000 words and a reply brief or amicus brief shall not exceed 2,500 words.

(b) Monotype or typewritten briefs or petitions. A principal brief prepared in a monospaced typeface shall not exceed 15 pages and a reply brief or amicus brief shall not exceed 7 pages.

(5) Exclusions. The word and page limits of this rule do not include table of contents, table of citations, certificate of service, or any appendix containing statutes, rules, regulations, and other pertinent matters.

(6) Exhibits and opinions. Attached exhibits shall also be excluded from the word count limits, but parties may not attach an entire deposition or set of responses to interrogatories when only a portion of the discovery document is referred to in a brief. Parties may not in any case attach a copy of an opinion that can be cited.

Parties may not avoid these limits by filing several motions to dismiss, motions for summary judgment, or other motions—such as using a motion *in limine* to have the effect of a motion for summary judgment. **A motion for partial summary judgment will be treated as if it were a motion for summary judgment, meaning that more than one such motion may not be filed without leave. Supplementary or additional motions and briefs, renewed motions and briefs, objections, and similar documents will be treated as motions in their own right and may not be filed without leave if a second motion to dismiss or motion for summary judgment would require leave for filing.** If a party believes that discovery or other factors require filing more than one such motion, then the party must obtain permission to do so before the court will rule on the motion. The motion for permission shall set forth the grounds for seeking permission and may not exceed 500 words, applying the standards set in Rule 40(A)(5) & (6).

The Court will not grant a motion *in limine* unless a party asserts in the motion that it has requested that opposing counsel not offer the evidence but counsel has either rejected the requests or not responded. The court will then consider whether the evidence is inherently and improperly prejudicial or whether it could appropriately require an objection at trial. The court also wishes to forestall the use of motions *in limine* as substitutes for motions for summary judgment or similar motions.

4. **<u>August 18, 2027, at 10:30 a.m.:</u>** Pretrial Conference. In the event a party or counsel wish to appear remotely for the pre-trial conference, that party must file a motion for remote appearance at least seven days prior the pre-trial conference. Not later than seven days

prior to the pre-trial conference, Plaintiff's counsel shall convene a conference of all counsel for the purposes of preparing a pre-trial order. The proposed pre-trial order shall be presented for signature at the pre-trial conference. In the event of a dispute as to the contents of the order, such dispute shall be presented to the Judge for resolution at the pre-trial conference. (SEE: Rule 5(b), Uniform District Court Rules.)

5. **October 2027, Fall Jury Term:** In the event this matter is not resolved at or before the time of the Pre-Trial Conference, a date will be set at the Pre-Trial Conference for trial during the fall 2027 civil jury term.

6. In the event this matter is set for trial, all parties shall file Proposed Jury Instructions with the Clerk no later than five days prior to the scheduled trial and will forward copies thereof by email in Word format to cynthia.miller@mt.gov and opposing counsel at the same time. (SEE: Rule 61, Nineteenth Judicial District Court Rules.)

ELECTRONICALLY DATED AND SIGNED BELOW.



Electronically Signed By:
Hon. Judge Matthew Cuffe
Fri, Aug 28 2026 09:00:18 AM